UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCHLAM STONE & DOLAN LLP,
                   Plaintiff,

-v-

TRG GLOBAL CORPORATION,
                   Defendant.

23-CV-07892 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Schlam Stone & Dolan LLP ("Schlam Stone") brings this action against Defendant TRG Global Corporation ("TRG"), invoking the Court's diversity jurisdiction. Schlam Stone seeks to recover unpaid attorney's fees from TRG, a former client, in a collection action. Before the Court is TRG's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1391 and 1404(a). For the reasons that follow, the motion to transfer is granted.

I.     Background

    A.     Factual Background

Unless otherwise noted, the following facts, which are presumed true for purposes of this motion, are drawn from Schlam Stone's Complaint. (ECF No. 9 ("Compl.").)

Defendant TRG is a Florida corporation with a principal place of business, according to TRG, in Virginia. (*See id*. ¶ 9; ECF No. 26 at 2; ECF No. 31 at 3.) Plaintiff Schlam Stone is a limited liability partnership organized under New York law, with its principal place of business in New York. (Compl. ¶ 8.) In September 2022, TRG retained Schlam Stone to represent it in litigation against a former TRG client, CodeMantra, in the Eastern District of Virginia. (*Id*. ¶¶ 3,

13.) In this representation, Schlam Stone dealt exclusively with Donna Roberson, TRG's chairperson. (*Id.* ¶ 2.)

At the outset of their relationship, the parties negotiated a retainer agreement, including discounted hourly rates for Schlam Stone's attorneys. (*Id.* ¶¶ 13-19.) A finalized retainer was sent to Roberson for her signature on September 7, 2022. (*Id.* ¶¶ 20-22.) The next day, Roberson returned the letter to Schlam Stone in an email with the subject "Signed." (*Id.* ¶ 23.) The email, however, did not contain a signed copy of the retainer agreement, and Roberson never returned a signed agreement to Schlam Stone. (*Id.* ¶¶ 23, 25.)

Nevertheless, Schlam Stone continued to represent TRG in the litigation, and both parties acted as if the retainer had been signed. (*Id.* ¶ 25.) Schlam Stone alleges that Roberson and her Schlam Stone attorneys had a tumultuous relationship and that Roberson was a difficult client. (*Id.* ¶¶ 16, 32.) However, despite an attempt to withdraw as counsel, attorneys from Schlam Stone represented Roberson throughout the litigation, accompanying her to her deposition and to settlement negotiations. (*Id.* ¶¶ 39, 41, 42.) The representation concluded when the parties reached a settlement. (*Id.* ¶ 41, 43.)

On September 12, 2022, TRG sent Schlam Stone the $12,500 retainer amount required by the retainer letter, and on April 11, 2023, TRG paid Schlam Stone a further $4,690.50. (*Id.* ¶¶ 24, 48.) Subsequently, however, TRG did not pay any of the remaining invoices sent to it by Schlam Stone. (*Id.* ¶ 48.) As a result, Schlam Stone alleges that TRG owes an outstanding balance of $128,080.96, without interest. (*Id.* ¶ 77.)

**B.     Procedural History**

On September 6, 2023, Schlam Stone filed a complaint asserting two claims relating to TRG's alleged failure to pay for its legal services: (1) account stated; and (2) breach of contract. (*Id.* ¶¶ 72-84.) On December 19, 2023, TRG filed a motion to dismiss for lack of personal

jurisdiction or, in the alternative, to transfer venue to the Eastern District of Virginia.  (ECF No. 23.)  Schlam Stone filed an opposition on January 23, 2024 (ECF No. 31), and TRG filed a reply on February 6, 2024.  (ECF No. 33.)

## II.     Legal Standard

Section 1404(a) of title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  To determine whether transfer is appropriate, a district court asks "whether the action *could* have been brought originally in the transferee forum."  *Siegel v. Ford*, No. 16-CV-8077, 2017 WL 4119654, at *7 (S.D.N.Y. Sept. 15, 2017) (internal quotation marks and citation omitted).  It then considers "whether transfer would be an appropriate exercise of the Court's discretion."  *Robertson v. Cartinhour*, No. 10-CV-8442, 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011).  A district court has "broad discretion" to decide whether to transfer an action to another district.  *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

## III.    Discussion

When a defendant challenges both personal jurisdiction and venue, a court may consider venue first "when there is a sound prudential justification for doing so."  *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).  "[W]here personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the Southern District of New York, it is 'prudentially appropriate to address venue first since a decision to transfer would render personal jurisdiction analysis with respect to [the Southern District] irrelevant.'"  *Everlast World's Boxing Headquarters Corp. v. Ringside Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) (quoting *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385-86 (S.D.N.Y. 2010)).  Here, personal jurisdiction over TRG would likely exist in the Eastern District of Virginia because

3

TRG has its principal place of business in Virginia. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021); Fed. R. Civ. P. 4(k)(1)(A). Accordingly, the Court addresses the issue of venue first.

The initial question for the venue analysis is whether this action could have been brought originally in the Eastern District of Virginia. Both parties agree that this action could have been brought in the Eastern District of Virginia.[1] (ECF No. 31 at 20; ECF No. 33 at 8.) The next consideration is whether transfer would be an appropriate exercise of the Court's discretion. A court may transfer a case in the interest of justice without first determining whether venue is proper in the transferor district. *See Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978) (citing *Volk Corp. v. Art-Pak Clip Art Service*, 432 F. Supp. 1179, 1181 (S.D.N.Y. 1977)). Therefore, the Court need not first determine whether venue is proper in this District.

Instead, to determine whether transfer is appropriate under 28 U.S.C. § 1404(a), the Court balances nine factors: "(1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice." *SEC v. Hill Int'l, Inc.*, No. 20-CV-447, 2020 WL 2029591, at *3 (S.D.N.Y. Apr. 28, 2020) (internal quotation marks and citation omitted). These factors counsel in favor of transfer here.

---

[1] In opposition to TRG's motion, Schlam Stone urges the Court to consider the retainer agreement's forum selection clause. (ECF No. 31 at 18; ECF No. 9-1 at 3-4.) However, the clause stipulates that any disagreement will be resolved in New York state court. (ECF No. 9-1 at 3.) Since neither party asks the Court to enforce that provision, its applicability is not dispositive of the present venue analysis.

A.      **Factors Favoring Transfer**

The first factors the Court considers are the convenience of the witnesses and the convenience of the parties. In this case, the convenience of the witnesses and the convenience of the parties are likely to be the same, as the most likely witnesses are the Schlam Stone attorneys who were involved in the CodeMantra litigation and TRG's Chairperson, Roberson. Schlam Stone's complaint includes extensive and detailed allegations about Roberson's behavior during the course of the litigation. (Compl. ¶¶ 32-47.) To the extent that Roberson's behavior and the quality of Schlam Stone's representation are relevant to this action, any non-party witnesses are more likely to be located in Virginia rather than New York because the alleged behavior occurred in Virginia. (*See Id.*)

Even if the parties themselves are the only witnesses, the convenience of the witnesses and parties still favors transfer. Schlam Stone argues that potential witnesses include only their three attorneys who worked on the case and Roberson. (ECF No. 31 at 21.) Given that three witnesses are located in New York and one is located in Virginia, Schlam Stone contends that the balance of witness convenience favors New York. (*Id.*) However, witness convenience cannot be measured only by the numbers. Schlam Stone and the attorneys who are potential witnesses litigate in the Eastern District of Virginia in a professional capacity. TRG hired Schlam Stone to represent it in that district, and Schlam Stone alleges that it litigated there ably and zealously. (Compl. ¶¶ 13, 44, 47.) By contrast, TRG is not registered to do business in New York, none of TRG's employees resides in New York, and Roberson never traveled to New York in connection with the litigation. Accordingly, these factors weigh in favor of TRG.

The next factor is the locus of operative facts. "The locus of operative facts is a primary factor in determining a motion to transfer venue." *Viera v. BASF Catalysts LLC*, 2015 WL 9302836, at *5 (S.D.N.Y. Dec. 21, 2015) (internal quotation marks and citation omitted). Here,

5

the locus of operative facts favors transfer. The vast majority of communications between the parties, both in contract negotiations and throughout the course of the representation, took place remotely, with one party in New York and the other in Virginia, rendering these considerations neutral. Schlam Stone argues that the facts of its representation of TRG will be a non-issue in the case and that, to the extent they are an issue, its work on the case occurred primarily in New York. (ECF No. 31 at 22, 23.) However, sixteen paragraphs of Schlam Stone's complaint are dedicated to discussing the issues Schlam Stone faced while representing TRG in the Eastern District of Virginia. (Compl. ¶¶ 32-47.) If these facts are relevant to the current litigation, as Schlam Stone clearly believes they may be, the locus of these facts lies in the Eastern District of Virginia.

Trial efficiency and the interests of justice also weigh in favor of transfer. Schlam Stone has filed a Notice of Attorney Charging Lien in the underlying litigation in the Eastern District of Virginia. (*See* ECF No. 33 at 8.) The judicial interest in avoiding any overlap between this lien and the present case favors transfer. As discussed above, to the extent that Schlam Stone's representation is an issue in this case, these issues derive from the litigation in the Eastern District of Virginia and are best settled by the court in which the litigation took place. *See Lando & Anastasi, LLP v. Innovention Toys, L.L.C.*, 79 F. Supp. 3d 375, 377 (D. Mass. 2015) ([T]he Eastern District of Louisiana can more effectively evaluate the quality of Lando's representation.").[2] This is all the more persuasive because of the Eastern District of Virginia's

---

[2] Plaintiffs insist that *Lando* is inapposite for three reasons: (1) it does not concern a forum selection clause, (2) neither party opposed the transfer, and (3) it involved matters contemporaneously pending before the court in Louisiana. (ECF No. 31 at 23.) The Court has already addressed the inapplicability of the forum selection clause. (*See* note 1, *supra*.) Additionally, the fact that neither party contested the motion does not affect the persuasiveness of the court's reasoning in *Lando*. Finally, because Schlam Stone has filed a Notice of Attorney

6

own familiarity with its unique local rules and "rocket docket," which would inform an evaluation of the representation Schlam Stone provided.

Schlam Stone argues that this action "is a very straightforward account and breach of contract case to which there is no defense and on which Schlam Stone will be moving for summary judgment." (ECF No. 31 at 23.) However, the attention devoted by Schlam Stone to the nature of its representation of TRG undercuts this contention. Given the issues raised in Schlam Stone's own complaint regarding its representation of TRG in the Eastern District of Virginia, trial efficiency and the interests of justice weigh in favor of transfer.

B. **Factors Weighing Against Transfer**

Two factors counsel against transfer in this case: the forum's familiarity with the governing law and the weight accorded to the plaintiff's choice of forum. Given the choice of law provision in the retainer agreement, which specifies that the agreement shall be governed by New York law (ECF No. 9-1 at 3), New York law is most likely to govern the resolution of this case. This factor, therefore, weighs in favor of Schlam Stone because of the Court's familiarity with applying New York law in diversity cases. However, because federal courts commonly apply the substantive law of states in which they do not sit, "the forum's familiarity with the governing law is a factor that is generally given little weight." *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F.Supp.3d 613, 620 (S.D.N.Y. 2016).

By contrast, "a plaintiff's choice of forum is entitled to substantial deference and should only be disturbed if the factors favoring the alternative forum are compelling." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 101 (2d Cir. 2000). However, "the degree of deference given

---

Charging Lien in the underlying action (ECF No. 33 at 8), proceedings to recover the funds may be pending in this case as well.

to a plaintiff's forum choice varies with the circumstances." *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942, 2015 WL 3767445, at *8 (S.D.N.Y. June 17, 2015) (internal quotation marks and citation omitted). Where, as here, "the balance of the several factors is strongly in favor of the defendant," it is appropriate to disturb this choice. *See id.* (quoting *City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*, No. 10-CV-376, 2010 WL 2035130, at *3 (S.D.N.Y. May 21, 2010). In this case, the four factors favoring transfer are significant enough to outweigh the deference owed to the plaintiff's choice of venue.

### C. Neutral Factors

The parties do not dispute that that the three remaining factors do not favor one forum over the other: (1) the availability of process to compel the attendance of unwilling witnesses (ECF No. 26 at 13; ECF No. 31 at 22); (2) the relative means of the parties (ECF No. 26 at 13; ECF No. 31 at 22); and (3) the location of relevant documents and the relevant ease of access of sources to proof. (ECF No. 26; ECF No. 33; ECF No. 31 at 22.)

In sum, analysis of the foregoing factors favors transfer, particularly in light of the fact that the most central events to this action occurred in or are derived from litigation in the Eastern District of Virginia. The Court concludes that TRG has met its burden of making a convincing demonstration that the convenience factors favor transfer. Accordingly, the motion to transfer venue is granted.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss or motion to transfer venue is GRANTED.

The Clerk of Court is directed to close the motion at ECF Number 23.

It is further ORDERED that this action be transferred to the U.S. District Court for the Eastern District of Virginia. Pursuant to Local Civil Rule 83.1, the Clerk shall, upon the expiration of seven days, effectuate the transfer of the case to the Eastern District of Virginia.

SO ORDERED.

Dated: July 15, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge

9